UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRT BOOKER, #345215,

       Plaintiff,

v.                                       Case No. 2:13-CV-13635

DELL, et al.,

       Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING
CIVIL RIGHTS COMPLAINT AND AMENDED COMPLAINT**

**I. INTRODUCTION**

The court has before it Plaintiff Kirt Booker's pro se civil rights complaint and amended complaint filed pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Plaintiff, a state prisoner confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan, alleges that he gave a corrections officer at the St. Louis Correctional Facility in St. Louis, Michigan two songs to sell and that the officer sold the songs and kept the money. Plaintiff also alleges that unidentified white people will not let black women be college basketball cheerleaders or let black men be football kickers. Lastly, Plaintiff states that the parole board keeps "flopping" him "for no good reason" and he wants them to stop and let him go home. Plaintiff seeks monetary damages and other appropriate relief. Having reviewed the matter, the court concludes that the civil rights complaint and the amended complaint must be dismissed, and that an appeal from this decision cannot be taken in good faith.

## II. DISCUSSION

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While notice pleading does require not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Plaintiff's first two issues involve songs given to Corrections Officer Dell and the ability of black women to be college basketball cheerleaders and black men to be football kickers. Plaintiff has filed two civil rights complaints in this district raising these same allegations. Both cases were summarily dismissed for failure to state a claim upon which relief may be granted under § 1983. *See Booker v. Dell*, No. 5:12-CV-14757 (E.D. Mich. Jan. 9, 2013) (O'Meara, J.) (song claims); *Booker v. Government*, No. 2:12-CV-15557 (E.D. Mich. Jan. 22, 2013) (Borman, J.) (athletic claims).

Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should

have been litigated in the prior action; and (4) identity of the causes of action. *See Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). In this case, all four elements are present. Plaintiff's prior lawsuits were dismissed on the merits by the court for failure to state an actionable civil rights claim under § 1983. The defendants appear to be the same. Plaintiff's present complaint raises the same claims and causes of action raised in his prior lawsuits. Consequently, Plaintiff's claims concerning his songs and perceived racism in athletics are barred by the doctrine of *res judicata* and must be dismissed as frivolous. *See Butts v. Wilkinson*, 145 F.3d 1330, 1998 WL 152778, *1 (6th Cir. 1998) (unpublished) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *accord McWilliams v. State of Colorado*, 121 F.3d 573, 574–75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious); *Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1150 (N.D. Ill. 1995) (dismissal of prisoner action as frivolous given preclusive effect against similar claims raised in subsequent complaint).

Plaintiff's final issue in his complaint concerns the parole board "flopping him" for "no good reason." This claim is also subject to dismissal. A claim under § 1983 is an appropriate remedy for a prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). To the extent that Plaintiff contests a parole decision, however, he actually seeks habeas corpus relief because such a claim concerns the validity of his continued confinement, and is not properly brought under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or

4

imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254). The United States Supreme Court has affirmed that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original). Because Plaintiff's challenge to the denial of parole concerns his continued confinement, and since that decision has not been overturned or otherwise declared invalid, his claim contesting that decision must be dismissed.[1]

Further, even if Plaintiff's parole claim were not barred by *Heck*, it is nonetheless subject to dismissal for failure to state a claim upon which relief may be granted under § 1983. The Supreme Court has held that there is no right under the United States Constitution for a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Simply stated, there is no federal constitutional right to

---

[1] The court notes that a state prisoner may maintain a § 1983 action for procedural challenges to a parole hearing where success in the action would not necessarily call for an immediate or speedier release from custody. *Wilkinson*, 544 U.S. at 821–82; *see also Thomas v. Eby*, 481 F.3d 434, 439–40 (6th Cir. 2007). Plaintiff, however, seeks release from custody and his claim goes to the propriety of the parole denial itself. His claim is thus barred by *Heck*.

parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372, 377–378 (6th Cir. 2007). Moreover, while state law may create a constitutionally-protected liberty interest in parole, *see Thompson*, 490 U.S. at 460, Michigan law creates no such liberty interest. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). Consequently, any denial of parole, even if erroneous, implicates no federal right. *See Caldwell v. McNutt*, 158 F. App'x 739, 740–41 (6th Cir. 2006) (*per curiam*) (stating that "even if the Parole Board relied on inaccurate information to deny [the petitioner] parole, it did not violate any liberty interest protected by the United States Constitution" and affirming dismissal of claim). Plaintiff's parole claim is also conclusory, and vague and conclusory allegations unsupported by material facts are insufficient to state a civil rights claim under § 1983. *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–57. Plaintiff thus fails to state a claim upon which relief may be granted under §1983 as to this issue, and his complaint and amended complaint must be dismissed.

### III. CONCLUSION

Based on the foregoing discussion, the court concludes that two of Plaintiff's claims are barred by *res judicata* and that he has failed to state a claim upon which relief may be granted under § 1983 as to his remaining claim. The court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Accordingly, IT IS ORDERED that Plaintiff's complaint [Dkt. #1] and amended complaint [Dkt. #12] are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 24, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522